Joshua T. Cox

*v.*

The People of the State of Illinois.

*Filed at Ottawa March 26, 1884.*

1. Evidence—*degree of evidence in suit for bastardy—proper basis for forming a verdict.* In a prosecution for bastardy, where the evidence was conflicting and a right to convict doubtful, the court, on the part of the People, instructed the jury that the People were not bound to prove, beyond a reasonable doubt, that the defendant was the father of the bastard child, and added: "If upon a consideration of all the evidence you are inclined to believe he is the father of such child, then you should so find your verdict." There was no other instruction appearing in the record curing the error: *Held*, that the instruction was erroneous. Jurors are required to decide cases according to their convictions of the truth of the matter found by their verdict, and not their mere inclinations.

2. Bill of exceptions—*presumption as to what is in the record.* Where an erroneous instruction appears in the record, which states that "thereupon the court gave to the jury the following instructions," after which the same are set forth numbered, and the instructions for the defendant appear by a like recital, it will not be presumed that some other instruction not in the record was given which cured the error, especially where the bill of exceptions fails to show that it does not contain all the instructions.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. C. C. STRAWN, and Mr. D. L. MURDOCK, for the appellant.

Mr. R. S. McILDUFF, and Mr. G. W. PATTON, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the Second District, affirming a judgment of the circuit court of Livingston county, in a proceeding under the Bastardy act, instituted by Rhoda Hallock, against Joshua T. Cox, the appellant. By the terms of the judgment of the circuit court, the appellant was required to pay, for the education and support of the bastard child of which he was found to be the father, the sum of $550,—that is to say, "$100 for the first year after March the 9th, 1882, the date of the child's birth, and $50 yearly for nine years succeeding said first year."

The case made by the People rests almost exclusively upon the testimony of the prosecutrix. She testifies that on the night of the 4th of July, 1881, the defendant had sexual intercourse with her twice, being the first, last and only times she ever had criminal connection with any one; that as the result of such connection she became pregnant, and was subsequently delivered of the bastard child in question. Her entire statement is positively denied by the defendant. There is also independent evidence tending to show that at the time the child is alleged to have been begotten, by reason of a malformation of the genital organ essential to sexual commerce on his part, it was physically impossible for the defendant to have had illicit intercourse with prosecutrix, as claimed by her. Under these circumstances it was highly

important to the accused that the law of the case should have been fairly laid down to the jury, and this, we are of opinion, was not done.

The first instruction given for the People, to which an exception was taken at the time, is in these words:

"The jury are instructed that in this action the People are not bound to prove that the defendant, Cox, is the father of the bastard child of the prosecuting witness, Rhoda Hallock, beyond a reasonable doubt. If upon a consideration of all the evidence you are inclined to believe he is the father of such child, then you should so find your verdict."

Here the jury are told, if from a consideration of all the evidence they are *inclined* to believe the defendant was the father of the child, they should so find by their verdict, however grave and well founded their doubts might be on the subject. Evidence very slight, indeed, especially on some subjects, might give a juryman an *inclination* to decide in a particular way, when it would be wholly insufficient to sustain a verdict. Jurors are required to decide cases according to their convictions of the truth of the matter found by their verdict, and not their mere inclinations. In a case of this character we can hardly conceive of an instruction that would be more likely to mislead a jury than the one in question.

It is suggested, however, that inasmuch as the record does not affirmatively state the fact that the two series of instructions given, respectively, for the People and the defendant, were all the instructions given in the case, this court must presume some instruction not appearing in the record was given by the court which cured the error complained of. We are aware of no such rule as this, and it certainly has no sanction in works of practice or the decisions of this court. On the contrary, where a party shows that an improper instruction has been given against him, which may have pre-

judiced his rights before the jury, it devolves on the other side to show that some other instruction was given which cured the error complained of. There would be some force in the suggestion if it affirmatively appeared the bill of exceptions did not contain all the instructions, but there is no ground for this claim, nor, indeed, is any such claim made. Upon an examination of the record relating to the instructions, we find it in the usual form. The instructions for the People are introduced with the following recital, to-wit: "And thereupon the court gave to the jury, on behalf of the plaintiff, the following instructions: Instructions for the People." Then follow the People's instructions, numbered in the usual way, and marked "given." The defendant's instructions are introduced by a similar recital in the record, and are copied, numbered and marked "given," in the same way. The record in this respect is just like all records properly made up. When the record recites, "the following instructions were given for the plaintiff," setting out the instructions in numerical order, as was done in this case, the fair implication and common sense of the thing is, that the instructions thus set out in the record are all the instructions given for the plaintiff; and the same is true as to the defendant's instructions.

The instruction in question being manifestly erroneous, the judgment of the Appellate Court must be reversed, and the cause remanded, with directions to reverse the judgment of the circuit court and remand the cause for further proceedings in conformity with this opinion.

*Judgment reversed.*

Mr. Justice Scott: I dissent from the reasoning and conclusion of this opinion.

Mr. Justice Walker: I hold the jury could not have been misled, as there were two instructions that directed the jury they must believe the evidence preponderated to prove guilt, before they could convict.